**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:26 PM April 9, 2015**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SII LIQUIDATION COMPANY, | ) | CASE NO. 10-60702 |
| | ) | |
| Debtors. | ) | ADV. NO. 12-6022 |
| _____ | ) | |
| JOHN B. PIDCOCK, AS | ) | JUDGE RUSS KENDIG |
| CREDITOR TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OF DECISION** |
| | ) | **(NOT INTENDED FOR** |
| JERRY A. SCHWAB, et al., | ) | **PUBLICATION)** |
| | ) | |
| Defendants. | ) | |

Now before the court is Defendant David A. Schwab's motion to exceed the twenty page limit for memoranda set by Local Bankruptcy Rule 9013-2(a). He requests authority to file up to a seventy page memorandum in support of his motion for summary judgment. Plaintiff objects.

The court's jurisdiction of this adversary is premised in 28 U.S.C. § 1334 and United States District Court for the Northern District of Ohio's general order of reference, Order 2012-7, dated April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F), (H), and (O). Venue is appropriate pursuant to 28 U.S.C. § 1409.

1

Plaintiff is trustee ("Trustee") of the creditor trust established through Debtors' liquidation plan. Defendants were shareholders, board members, directors and/or officers of Debtors. In this adversary, Trustee seeks damages for Defendants' alleged breaches of fiduciary duties, including self-dealing, in operating Debtors.

Local Bankruptcy Rule 9013-2(a) states that "[n]o motion or response thereto, including written argument and cited authorities, shall exceed 20 pages in length, exclusive of appendices, unless the party has first sought and obtained leave of Court." On March 24, 2015, Defendant David Schwab filed a fifty-five page motion for summary judgment.[1] He also filed a motion to exceed Rule 9013-2(a)'s twenty page limit and a memorandum in support. Trustee's objection was filed the same day.

In his motion, David Schwab contends that the facts underlying Trustee's claims are complicated and require detail to explain and further states that he wishes to present a number of legal issues. He also points out that two other defendants will join his summary judgment motion, thereby reducing the length of their motions. In response, Trustee claims that responding to a seventy page brief will require substantial expense and delay adjudication of the issues.

The court has discretion to manage its docket. Dunning v. War Memorial Hosp., 534 Fed.App'x 326 (6th Cir. 2013) (unpublished); In re Air Crash Disaster, 86 F.3d 498 (6th Cir. 1996). Defendant followed the proper procedure and provided a foundation for his request to exceed the page limit. The fifty-five page memorandum is fifteen pages shorter than the seventy pages requested. Trustee's concerns about cost and delay are unavailing. Trustee initiated the complaint and cannot now attempt to incapacitate Defendants' defense. Additionally, resolving issues at this stage is substantially less costly than a trial. Considering this adversary has been pending over three years, the delay in responding to a fifty-five page brief over a twenty page brief is nominal.

The court will enter an order granting the motion immediately. The page limit will be set at fifty-five pages and Trustee may have fifty-five pages to respond. Any reply brief must comply with Local Rule 9013-2 unless additional leave is sought.

#        #        #

---

1 This number does not include the Table of Contents and the Table of Authority.

**Service List:**

Julie L Juergens
Jamie A Price
Monica Sansalone
Gallagher Sharp
Bulkley Bldg, 6th Floor
Cleveland, OH 44115

Steven M Hartmann
Richard S Lauter
Shira Isenberg
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606